# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00019-COA

**ULYLESSES DEMONTE DEER**                                          APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2023 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ULYLESSES DEMONTE DEER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/25/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2017, Ulylesses Deer was indicted for conspiracy to commit armed robbery, armed robbery, aggravated assault, kidnapping, burglary of a dwelling with a sentencing enhancement of terrorizing the occupant, and possession of a firearm by a felon.

¶2.     In January 2018, Deer pled guilty to aggravated assault and burglary of a dwelling. The State agreed to nolle prosequi the remaining counts of the indictment.  The trial court found that Deer's plea was "freely, voluntarily, knowingly, and intelligently made and entered."  The court sentenced Deer to consecutive terms of twenty years in custody for aggravated assault and twenty-five years in custody for burglary of a dwelling.

¶3.     Over four years later, in May 2022, Deer filed a motion for post-conviction relief

(PCR). Deer alleged that he was entitled to "change or modify his sentence" because it was imposed in violation of the United States Constitution or Mississippi law, because the trial court lacked jurisdiction to sentence him, and because of new evidence. Deer also alleged that his claim was excepted from the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA) based on newly discovered evidence. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Deer claimed he received ineffective assistance of counsel prior to his plea, that his convictions for aggravated assault and burglary violated double jeopardy, that his sentence amounted to cruel and unusual punishment, and that he was unconstitutionally forced to incriminate himself during his pre-sentence investigation.

¶4. The trial court dismissed Deer's PCR motion, holding that it was barred by the UPCCRA's three-year statute of limitations. Deer appealed.

¶5. We affirm. A PCR motion must be filed within three years after the entry of a judgment of conviction based on a guilty plea. *Id.* While the statute provides certain exceptions, "the PCR movant . . . bears the burden to prove a statutory exception." *Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023). In his PCR motion and his appellate brief, Deer simply lists the statutory exceptions and asserts that his claim is excepted, but he does not show how any exception would apply to his claims. Thus, Deer has failed to show that any of his claims are excepted from the statute of limitations. *See Govan v. State*, 591 So. 2d 428, 431 (Miss. 1991) ("In the absence of meaningful argument and citation of authority, this Court generally will not consider the assignment of error.").

¶6. Deer also argues that we must consider his claims under the "fundamental-rights

2

exception" to the statute of limitations. But this argument is foreclosed by the Mississippi Supreme Court's decision in *Howell v. State*, 358 So. 3d 613 (Miss. 2023). Prior to *Howell*, the Court had held that errors affecting certain "fundamental constitutional rights" were excepted from the UPCCRA's statute of limitations. *Id.* at 615 (¶7). However, *Howell* expressly "overrule[d] . . . any . . . case in which the Mississippi Supreme Court ha[d] held that the courts of Mississippi can apply the judicially crafted fundamental-rights exception to . . . the [UPCCRA's] three-year statute of limitations." *Id.* at (¶8); *accord Ronk v. State*, 391 So. 3d 785, 791-92 (¶¶3, 16) (Miss. 2024). Accordingly, Deer's argument based on the "fundamental-rights exception" is without merit.

¶7. The circuit court correctly dismissed Deer's PCR motion pursuant to the UPCCRA's three-year statute of limitations. Therefore, the judgment is **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**

3